JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

### I. (a) PLAINTIFFS
Amy Muench, On Behalf of Herself and Other Similarly Situated Persons

### DEFENDANTS
John McStay Investment Counsel, Inc.

**3 03CV - 599 G**

(b) County of Residence of First Listed: Dallas
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

MAR 21 2003

(c) Attorney's (Firm Name, Address, and Telephone Number)
Keith A. Clouse
Clouse Dunn Hirsch LLP
2200 Ross Ave., Suite 4900 West
Dallas, Texas 75201
214-220-3888

Attorneys (If Known)
Unknown

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U S Government Plaintiff
☐ 2 U.S. Government Defendant
X 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 875 Customer Challenge 12 USC 3410 |
| | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | X 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| 190 Other Contract | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 540 Mandamus & Other | ☐ 791 Empl Ret Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Fair Labor Standards Act, 29 U.S.C. 207(a)

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 3-21-03
SIGNATURE OF ATTORNEY OF RECORD: /s/ Keith Clouse

FOR OFFICE USE ONLY

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

MAR 21 2003

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| AMY MUENCH, on behalf of herself and others similarly situated, § § § § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. |
| § § | |
| JOHN McSTAY INVESTMENT COUNSEL, INC., § § § | 3 03CV - 599 ⬤ |
| Defendant. § § | |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Amy Muench ("Muench"), on behalf of herself and others similarly situated, complains of John McStay Investment Counsel, Inc. ("McStay") and shows as follows:

### NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v.*

*Helmerich & Payne*, 323 U.S. 37, 40 (1944)(discussing the requirements of 29 U.S.C. § 207(a)).

2. McStay violated the FLSA by failing to pay its employees at time and one-half their regular rates of pay for all hours worked within a workweek in excess of forty hours. Accordingly, Muench brings this complaint pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly situated employees ("the Class") of McStay who have not been paid overtime owed to them during the period March 21, 2000 to present (the "relevant time period").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Declaratory relief if authorized under 28 U.S.C. §§ 2201 and 2202.

5. This Court is a proper venue for this action under 28 U.S.C. § 1391(b).

## PARTIES

6. Muench is a resident of Plano, Texas. Muench previously worked as an administrative assistant at McStay from July 1999 to December 2001. She later worked as a materials creation/production employee in 2002 and was terminated in December 2002.

7. Muench was improperly classified as an exempt employee of McStay and was not paid at time and one-half her regular rate for hours worked in excess of

forty hours in a workweek. The class of similarly situated employees consists of all current and former administrative assistants and materials creation/production employees at McStay who at any time during the relevant time period were classified as exempt employees and were not paid at time and one-half their regular rate for hours worked in excess of forty in a workweek.

8. McStay is a financial services company with its principal office in Dallas, Texas. McStay transacted business in the Northern District of Texas at all times relevant to this complaint. McStay may be served with process through its registered agent, Nation Registered Agent, Inc., 1614 Sidney Baker Street, Kerrville, Texas 78028.

9. McStay provides financial planning services to the public at large. Upon information and belief, McStay's gross volume of sales far exceeds $500,000 per year, exclusive of excise taxes. Further, McStay controls the means and methods by which its employees are paid. Accordingly, during the relevant time period, McStay was an employer engaged in commerce within the meaning of the FLSA.

10. An "opt-in" collective action filed pursuant to 29 U.S.C. § 216(b) of the FLSA is superior to other available methods for the fair and efficient adjudication of this controversy. Because McStay maintains a systemic policy which requires similarly situated employees who are improperly classified as exempt to work more than 40 hours per week without paying them overtime compensation in violation of

the FLSA, final injunctive or declaratory relief is appropriate with respect to all persons who elect to "opt-in" to the class.

## FACTUAL ALLEGATIONS

11. Muench and the Class are non-exempt employees under the FLSA who were improperly classified as exempt employees to avoid the requirement to pay overtime at time and one-half. These employees are required to work more than 40 hours per week as part of their duties. As set forth below, all of these employees were and are subject to a pattern and practice that violates the FLSA.

12. McStay routinely classified its administrative assistants and material creation/production employees as exempt from the FLSA's overtime requirements. These employees, however, did not satisfy the FLSA's tests for exempt employees. The work performed by Muench and other similarly situated employees was primarily clerical (i.e. typing, answering phones, preparing letters, assembling client materials) and did not require the consistent exercise of discretion and independent judgment. Moreover, such work did not relate to the management or operation of the McStay's business or require advanced learning through a prolonged course of specialized study. Muench and the Class did not supervise other staff, but rather were themselves closely supervised in performing their own standardized duties.

13. Muench and other similarly situated employees were routinely required to work overtime to perform the duties not capable of being performed within a

normal workweek. However, McStay paid Muench and other similarly situated employees a straight salary and did not compensate them for overtime hours at the rate required by the FLSA.

14. Moreover, McStay knew that the FLSA was applicable to its employment practices regarding Muench and all other similarly situated employees. In fact, upon information and belief, McStay recently modified its employment practices to reclassify certain employees as non-exempt. However, it has failed to remedy the prior violations of the FLSA and has not calculated and paid overtime compensation to the employees for the period they were improperly classified as exempt. Accordingly, McStay's pattern or practice of failing to pay these employees in accordance with the FLSA was and is in willful violation of the FLSA.

15. Muench is aware that other employees performing similar job functions were also improperly classified as exempt from overtime. Thus, the experience of Muench as set forth above is typical of the experience of other non-exempt employees and members of the Class employed by McStay during the relevant time period.

16. Further, McStay failed to properly classify and pay overtime to members of the Class as a matter of company policy. Accordingly, McStay's pattern and practice of failing to properly classify and pay overtime to employees is a generally applicable rule, policy or practice and does not depend on the personal

circumstances of the class members. Nor do the specific job titles or job requirements of the various members of the Class prevent collective treatment. All of the Class, regardless of their job requirements or rates of pay, are subjected to the improper classification and failure to pay overtime. Thus, the Class is properly defined as:

> All administrative assistants and materials creation/production employees who worked for McStay from March 21, 2000 to the present and were classified as exempt and not paid overtime for all hours worked in excess of 40 hours per workweek.

17. Muench and the Class are similarly situated as that term is recognized under the FLSA. The generally applicable pattern or practice of failing to pay wages at one and one-half times the employees' regular rate provides a substantial factual nexus between Muench and the Class. Muench and the Class are further linked by the common means of depriving them of their rightful wages and the improper classification as exempt employees by McStay. Thus, collective action treatment is proper under § 16(b) of the FLSA. 29 U.S.C. 216(b).

18. However, some courts suggest the requirements of Rule 23 of the Federal Rules of Civil Procedure should also be met for Muench to maintain a collective action under the FLSA, despite the fact a collective action under the FLSA is not a traditional class action. In this case, Muench and the Class clearly meet the requirements of Rule 23 as well.

19. While the exact number of members of the Class is unknown to Muench at the present time, Muench believe that there are numerous other similarly situated persons who have been improperly classified as exempt by McStay since March 21, 2000. The number and identity of these Class members can be ascertained by reference to objective criteria. McStay is required by law to keep records showing the job descriptions, time worked by and compensation paid to these employees.

20. Muench's claims are typical of the claims of the other members of the Class in that she, like all the members of the Class, sustained damages arising from McStay's concerted and intentional pattern and practice designed to avoid paying non-exempt employees time and one-half for all hours worked in excess of 40 hours during a workweek.

21. Muench has retained counsel competent and experienced in employment litigation.

22. An action under 29 U.S.C. § 216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by individual members of the Class may be relatively small, and the expenses and burden of individual litigation would make it impossible for such Class Members individually to redress the wrongs done to them.

23. Common questions of law and fact exist as to all members of the Class which predominate over any questions affecting solely individual members. Among the common questions of law and fact are:

- whether McStay has violated and continues to violate 29 U.S.C. § 207(a) as alleged herein;

- whether McStay's conduct constitutes willful violations of the FLSA, thereby extending the statute of limitations applicable to this action to three years, pursuant to 29 U.S.C. § 255(a); and

- whether Muench and the members of the Class are entitled to double (liquidated) damages under 29 U.S.C. § 216(b).

24. Because Muench is currently unaware of the identities of all members of the Class, McStay should be required to provide to Muench a list of all persons employed by McStay since March 21, 2000 who were administrative assistants or materials creation/production employees, classified as exempt employees and not paid overtime, stating their last known addresses and telephone numbers, so that Muench can give such Class members notice of the pendency of this action and an opportunity to make an informed decision about whether to participate. Early discovery of this information is critical because, unlike a traditional class action, the statute of limitations generally continues against each member of the Class until the individual files a written consent with the Court. 29 U.S.C. § 256.

## CAUSE OF ACTION

25. McStay violated 29 U.S.C. § 207(a) by failing to pay Muench and the other Class time and one-half their regular hourly rates for all hours worked in excess of 40 hours during a workweek.

26. Muench and the members of the Class have been damaged by these violations of 29 U.S.C. § 207(a).

27. McStay's violations of 29 U.S.C. § 207(a) were repeated, willful and intentional. McStay will continue to violate that statute in the future unless enjoined by this Court.

28. Pursuant to 29 U.S.C. § 207(a) and § 216(b), McStay is liable to Muench and the Class for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs.

## JURY DEMAND

29. Muench, for herself and all others similarly situated, demands a trial by jury on all contested issues of fact.

## PRAYER

WHEREFORE, Muench respectfully requests the Court:

1. Declare this action to be maintainable pursuant to 29 U.S.C. § 216(b);

2. Direct McStay to provide Muench a list of all persons who were classified as "exempt" administrative or materials creation employees that worked for McStay

from March 21, 2000 and the present, including the last known address and telephone number of such persons, so that Muench can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

3. Determine the damages sustained by Muench and the Class as a result of McStay's violations of 29 U.S.C. § 207(a);

4. Award those damages against McStay and in favor of Muench and the Class, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), plus such pre- and post-judgment interest as may be allowed by law;

5. Award equitable and/or injunctive relief as permitted by law, including an injunction enjoining McStay from continuing to violate the FLSA;

6. Award Muench and the Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees; and

7. Grant Muench and the Class such other and further relief as the Court may deem just and proper.

Dated this __21__ day of March 2003.

Respectfully submitted,

_____
KEITH A. CLOUSE
State Bar No. 04410300
ALYSON C. BROWN
State Bar No. 04873500

CLOUSE DUNN HIRSCH LLP
2200 Ross Avenue
Suite 4900 West
Dallas, Texas 75201
(214) 220-3888
(214) 220-3833 Facsimile

ATTORNEYS FOR PLAINTIFFS